UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X          CHAPTER 13
IN RE:                                                                          CASE NO.: **8-19-71361**
**Anna Seide**
                  DEBTOR(S).
---------------------------------------------------X

# CHAPTER 13 PLAN                                                                             Revised 12/19/17

■    Check this box if this is an amended plan.  List below the sections of the plan which have been changed:
     **Section 2.1 - Payments**
     **Section 3.2 - Cure Payments**

**PART 1: NOTICES**

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**To Creditors:** Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation; unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See  Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:** *The following matters may be of particular importance.  Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| a. | **A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ■ **Not Included** |
| b. | **Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6** | ☐ Included | ■ **Not Included** |
| c. | **Nonstandard provisions, set out in Part 9** | ☐ Included | ■ **Not Included** |

**1.2:**  The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3** | ☐ Included | ■ **Not Included** |
| b. | **Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim** | ■ **Included** | ☐ Not Included |

**PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN**

**2.1: The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of 60 months as follows:**

$ **2,435.00**     per month commencing   **03/19**     through and including   **07/19**     for a period of   **5**     months.
$ **1,760.00**     per month commencing   **08/19**     through and including   **09/19**     for a period of   **2**     months.
$ **2,050.00**     per month commencing   **10/19**     through and including   **10/19**     for a period of   **1**     months.
$ **2,090.00**     per month commencing   **11/19**     through and including   **02/24**     for a period of   **52**    months.
*Insert additional lines if needed.*

    ☐ Continued on attached separate page(s).

**2.2:**      **Income tax refunds.**

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _____, no later than April

| Debtor | **Anna Seide** | Case number | **8-19-71361** |
|---|---|---|---|

15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3:     Additional payments.**
    *Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.3 need not be completed.*
- ☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below.  Describe the source, estimated amount, and date of each anticipated payment.

## PART 3:  TREATMENT OF SECURED CLAIMS

**3.1.:     Maintenance of payments (including the debtor(s)'s principal residence).**

    Check one.
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed.*
- ■ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| **Seterus, Inc.** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$2,624.20** |

☐ *Continued on attached separate page(s).*

**3.2     Cure of default (including the debtor(s)'s principal residence).**

    *Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed.*
- ■ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.  Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.  In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| **Seterus, Inc.** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$92,761.53** | **0.00%** |

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| **Seterus, Inc. (Post Petition)** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$15,659.11** | **0.00%** |

☐ *Continued on attached separate page(s).*

**3.3:     Modification of a mortgage secured by the debtor(s)'s principal residence.**
    *Check one*

- ■ **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**
- ☐ **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

    *Complete paragraph below*.
- ☐ If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to _____ (creditor name) on the property known as _____ under account number ending _____ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $_____, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be

| Debtor | **Anna Seide** | Case number | **8-19-71361** |
|---|---|---|---|

15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3:     Additional payments.**
    *Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.3 need not be completed.*
- ☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below.  Describe the source, estimated amount, and date of each anticipated payment.

## PART 3:  TREATMENT OF SECURED CLAIMS

**3.1.:     Maintenance of payments (including the debtor(s)'s principal residence).**

    Check one.
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed.*
- ■ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| **Seterus, Inc.** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$2,624.20** |

☐ *Continued on attached separate page(s).*

**3.2     Cure of default (including the debtor(s)'s principal residence).**

    *Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed.*
- ■ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.  Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.  In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| **Seterus, Inc.** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$92,761.53** | **0.00%** |
| **Seterus, Inc. (Post Petition)** | **6024** | ■ | **66 Ard Street Bay Shore, NY 11706 Suffolk County** | **$15,659.11** | **0.00%** |

☐ *Continued on attached separate page(s).*

**3.3:     Modification of a mortgage secured by the debtor(s)'s principal residence.**
    *Check one*

- ■ **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**
- ☐ **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

    *Complete paragraph below*.
- ☐ If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to _____ (creditor name) on the property known as _____ under account number ending _____ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $_____, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be

| Debtor | **Anna Seide** | Case number | **8-19-71361** |
|---|---|---|---|

$_____$, and will be paid at $\_\_\_\_\_$% interest amortized over $_____$ years with an estimated monthly payment of $\$_____$ including interest and escrow of $\$_____$. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

**3.4:** **Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**
*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed.*
**The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.**

☐ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|

**-NONE-**

☐ *Continued on attached separate page(s).*

**3.5:** **Secured claims on personal property excluded from 11 U.S.C. §506.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed.*
☐ The claims listed below were either:

- Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or
- incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid pursuant to §3.1 and/or §3.2. (The claims must be referenced in those sections as well.) Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Collateral | Amount of Claim | Interest Rate |
|---|---|---|---|---|

**-NONE-**

☐ *Continued on attached separate page(s).*

**3.6:** **Lien avoidance**.

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.6 need not be completed.*
**The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.**

☐ The debtor(s) shall file a motion to avoid the following judicial liens or nonpossessory, non-purchase money security interests as the claims listed below impair exemptions to which the debtor(s) are entitled under 11 U.S.C. §522(b) or applicable state law. See 11 U.S.C. §522(f) and Bankruptcy Rule 4003(d). Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Attorney for Creditor | Lien Identificaiton | Description of Collateral | Estimated Amount of Secured Claim | Interest Rate of Secured Portion, if any | Estimated Amount of Unsecured Claim |
|---|---|---|---|---|---|---|

**-NONE-**

☐ Continued on attached separate page(s).

**3.7:** **Surrender of collateral.**

| Debtor | **Anna Seide** | Case number | **8-19-71361** |
|---|---|---|---|

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.7 need not be completed*.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated. Any timely filed allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral |
|---|---|---|
| -NONE- | | |

☐ Continued on attached separate page(s).

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1:    General.**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3:    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is $**2,500.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed.*

☐ The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Estimated Claim Amount |
|---|---|
| -NONE- | |

☐ Continued on attached separate page(s).

**4.5    Domestic support obligations.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed*.

☐ The debtor(s) has a domestic support obligation and is current with this obligation. *Complete table below; do not fill in arrears amount.*

☐ The debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Date of Order | Name of Court | Monthly DSO Payment | Amount of Arrears to be Paid through Plan, If Any |
|---|---|---|---|---|
| -NONE- | | | | |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less than the sum of $_____
■ Not less than ___**100.00**___% of the total amount of these claims.
☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

Debtor **Anna Seide** Case number **8-19-71361**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

■     **None.** *If "None" is checked, the rest of § 6.1 need not be completed*.

☐     **Assumed items.** Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment by Debtor | Amount of Arrearage to be Paid by Trustee |
|---|---|---|---|
| -NONE- | | | |

Insert additional contracts or leases as needed.

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:**     Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan

**8.2:**     Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1:**     **Check "None" or list nonstandard plan provisions.**

■     **None.** *If "None" is checked, the rest of Part 9.1 need not be completed*.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).**

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:**     I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

X    **/s/ Anna Seide**                                         X
**Anna Seide**                                                    Signature of Debtor 2
Signature of Debtor 1

Dated:    **October 30, 2019**                       Dated:

X    **/s/ Cooper J Macco**
**Cooper J Macco**
Signature of Attorney for Debtor(s)

Dated:    **October 30, 2019**